# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0406V
Filed: July 8, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JENNIFER WOLF-LECY, | * |
| | * |
| Petitioner, | *    Ruling on Entitlement; Concession; |
| | *    Influenza ("Flu") Vaccine; Shoulder |
| v. | *    Injury Related to Vaccine Administration |
| | *    ("SIRVA"); Special Processing Unit |
| SECRETARY OF HEALTH | *    ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*John R. Howie, Jr.,* Howie Law, P.C., Dallas, TX, for petitioner.
*Amy P. Kokot,* U.S. Department of Justice, Washington, DC, for respondent.

## **RULING ON ENTITLEMENT**[1]

**Dorsey**, Chief Special Master:

On March 30, 2016, Jennifer Wolf-Lecy ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that her receipt of an influenza ("flu") vaccine on September 18, 2013, caused her to suffer a left shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On July 8, 2016, respondent filed her Rule 4(c) Report in which she concedes that petitioner is entitled to compensation in this case. Rule 4(c) Rep. at 1. Specifically, respondent stated, based on her evaluation of the evidence, that petitioner's injury is consistent with SIRVA, and that the injury was caused-in-fact by her flu vaccination on

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

September 18, 2013.  *Id.* at 4.  Respondent further stated that she did not identify any other causes for petitioner's SIRVA, and that petitioner's medical records demonstrated her injury and its sequela persisted for more than six months after administration of the vaccine.  *Id.*  Petitioner has therefore satisfied all legal prerequisites for compensation under the Act.  *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master